# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHYNIEA SMOTHERS, | ) |
| Plaintiff, | ) Case: 3:23-cv-03528 |
| v. | ) |
| CIRCLE K STORES, INC., | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Plaintiff, Shyniea Smothers ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Civil Rights Act of 1964, as

amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Shyniea Smothers resided in St. Clair County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Circle K Stores, Inc., was a corporation doing business in and for St. Clair County, Illinois, whose address is 3801 North Belt West, Belleville, IL 62226.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff began working for Defendant as a cashier from February 3, 2022, at the Belleville, IL.

13. Plaintiff has met or exceeded Defendant's performance expectations during the

2

entire duration of her employment.

14. Plaintiff is African American and is a member of a protected class because of her race.

15. Since at least February 3, 2022 through present, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of race, violating §1981 and Title VII

16. On or around May 15, 2022, Defendant hired a new manager, Nick Bell (Caucasian) and assigned Mr. Bell to Plaintiff's store.

17. Mr. Bell immediately told Plaintiff that he was going to "replace this whole crew."

18. Most crew members at Plaintiff's store were African-American.

19. That same day, Mr. Bell told a customer in front of the Plaintiff that he was "going to get rid of all the black girls."

20. During Mr. Bell's managing of Plaintiff's store, other African-American crew members' hours have been cut.

21. Two African-American crew members have been terminated by Mr. Bell and replaced with Caucasian employees.

22. Plaintiff has attempted to report Mr. Bell's unlawful conduct to store owner, Greg (Last Name Unknown), but ultimately, Plaintiff's complaints have been ignored.

23. On or around June 24, 2022, a customer called Plaintiff's store and told Plaintiff "Watch out for your job, the manager is saying he is trying to get black people out."

24. Plaintiff once again attempted to report this to Greg (last Name Unknown) but he failed to address the Plaintiff's concerns once again.

25. Since Mr. Bell's arrival at Plaintiff's store, Plaintiff's hours have been cut from forty (40) hours per week to seventeen (17) hours per week in retaliation for partaking in protected activity as described above.

26. To date, Defendant has hired two more Caucasian employees to serve in Plaintiff's position and given Plaintiff's hours.

27. Plaintiff was retaliated against for opposing unlawful discrimination and for exercising her protected rights.

28. Plaintiff reported the race-based harassment to Defendant.

29. Plaintiff was targeted for cutting hours because of her race.

30. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

31. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

32. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of 42 U.S.C. §1981
### (Race-Based Discrimination)

33. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship.

35. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

36. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

37. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

38. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

39. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

41. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

42. Plaintiff met or exceeded performance expectations.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44. Defendant cut Plaintiff's hours significantly on the basis of Plaintiff's race.

45. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

46. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

47. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

49. Defendant knew or should have known of the harassment.

50. The race-based harassment was severe or pervasive.

51. The race-based harassment was offensive subjectively and objectively.

52. The race-based harassment was unwelcomed.

53. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, African-American.

54. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

55. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

56. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

57. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

58. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination and/or race-based harassment.

59. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

60. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

61. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

62. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

63. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

64. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

65. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of October, 2023.

> */s/Alexander J. Taylor, Esq.*
> Alexander J. Taylor, Esq.
> Bar ID No. 6327679
> Nathan C. Volheim, Esq.
> Bar ID No. 6302103
> Sulaiman Law Group, Ltd.
> 2500 South Highland Avenue, Suite 200
> Lombard, Illinois 60148
> (331) 272-1942
> ataylor@sulaimanlaw.com
> nvolheim@sulaimanlaw.com
>
> *Counsel for Plaintiff*