IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Shyniea Smothers,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-3528-DWD |
| | ) |
| **Circle K Stores, Inc.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendant Circle K Stores, Inc.'s (Circle K) Motion to Set Aside Clerk's Entry of Default (Doc. 19) and Plaintiff Shyniea Smothers' (Smothers) Motion for Entry of Default Judgment (Doc. 16). For reasons set out below, the Court will GRANT Circle K's Motion to Set Aside Clerk's Entry of Default and DENY Smothers' Motion for Entry of Default Judgment.

## BACKGROUND

On October 30, 2023, Smothers filed a Complaint alleging race discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and race discrimination in violation of 42 U.S.C. § 1981. On November 7, 2023, Smothers filed an affidavit showing that Circle K was served by leaving a copy of the Summons and Complaint with Tiffany Hayslet, an assistant store manager at the store where Smothers formerly worked. (Docs. 12 and 20-1). On December 19, 2023 (Doc. 13), Smothers moved for entry of clerk's default against Circle K, and the Clerk entered default on December 20, 2023 (Doc. 15). Smothers then filed a Motion for Entry of Default Judgment (Doc. 16),

and on January 22, 2024, Circle K filed a Motion to Set Aside Clerk's Entry of Default ("Motion to Set Aside"). In its Motion, Circle K alleges that the Clerk's entry of default should be set aside because Circle K was not properly served. Smothers has not responded to Circle K's Motion to Set Aside.

**ANALYSIS**

Service on a corporation is valid when it complies with Federal Rule of Civil Procedure 4(h). Federal Rule of Civil Procedure Rule 4(h)(1)(B) allows for service in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer , a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Similarly, Rule 4(h)(1)(A) authorizes service of process on corporations "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Illinois state law, a private corporation may be served "(1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." 735 Ill. Comp. Stat. Ann. 5/2-204.

Circle K has offered proof in the form of a declaration and a copy of a document from the Office of the Secretary of State of Illinois demonstrating that Tiffany Hayslett ("Hayslett"), the individual that Plaintiff served, was not an officer or registered agent of

2

Circle K at the time of service. (Docs. 20-1 and 20-2). The declarant, Jessica Koelber, the Director of Human Resources for the Heartland Division of Circle K Stores, attests to the following: (1) Circle K employs more than 40,000 individuals and has thousands of locations across the United States; (2) Circle K maintains a Registered Agent; (3) information about Circle K's Registered Agent is publicly available on the website of the Office of the Illinois Secretary of State; (3) Hayslett is an Assistant Store Manager at the Circle K store located in Belleville, Illinois ("Belleville Location"); (4) the Belleville Location is a Circle K gas station which does not house a Human Resources Department, executive officers, or corporate employees; (5) Hayslett is not a registered agent and is not authorized to accept service on behalf of Circle K; (6) Hayslett is an hourly employee without authority to hire, fire, or discipline employees and her job duties do not include receiving and handling legal papers; and (7) Hayslett has no direct working relationship with Circle K executive officers and does not directly report to Circle K officers. (Doc. 20-1). Smothers has not responded to the Motion to Vacate Clerk's Entry of Default, and thus does not dispute Circle K's evidence.

The undisputed evidence proffered by Circle K demonstrates that Hayslett was not an officer, managing agent, or general agent of Circle K, and she was not a registered agent of Circle K. What remains then, is a question of agency. That is, whether Hayslett qualifies as an agent authorized to receive service on behalf of Circle K under the Federal Rules of Civil Procedure or the Illinois Code of Civil Procedure. Here, the undisputed evidence demonstrates that Hayslett did not have actual authority to accept service on behalf of Circle K and, considering the evidence presented as to her job duties and her

3

relationship to Circle K, she was not otherwise an appropriate agent for service of summons. *See* e.g., *United States v. Norden Enters., LLC* 2002 WL 1632633, at *2 (N.D.Ill. July 22, 2002) ("[T]he district courts in this circuit have read Rule 4(h)(1) [as] requiring that an agent have actual authority to receive service of process for that service to be valid.") (citations omitted); *Dei v. Tumara Food Mart*, Inc., N.E.2d 920, 925 (Ill. App. 2010) ("For service of process on a corporation to be effectively made upon an agent of defendant, such agent must have actual authority to accept service on behalf of the corporation.") (citations omitted); *Mason v. Freeman Nat'l Printing Equip. Co.,* 366 N.E.2d 1015, 1017 (Ill. App. Ct. 1977) ("The statute expressly provides for service upon an officer or agent of the corporation being sued. It does not provide for service on an employee or agent of an agent."). *See also United States v. Norden Enters., LLC* 2002 WL 1632633, at *5-6 (N.D.Ill. July 22, 2002) (agency for purpose of service of process cannot be created by apparent authority); *Newey v. Newey*, 576 N.E.2d 137, 143 (Ill. App. 1991) (same). There is also no indication that Hayslett, an hourly employee who did not have a direct working relationship with Circle K executive officers and did not directly report to Circle K officers, understood the legal import of service of process. *See Island Terrace v. Keystone Serv. Co.,* 341 N.E.2d 41, 44 (Ill. App. 1975) (finding improper service on receptionist who did not understand or recognize the legal import of service of process). For all these reasons, the Court finds that service was not proper.

The Clerk's entry of default that was entered against Circle K was premised upon defective service of process and hence was void *ab initio*. *Omni Capital International, Ltd. V. Rudolf Wolff & Co., LTd.,* 484 U.S. 97, 104 (1987) (Without proper service, the Court lacks

4

personal jurisdiction over a defendant.); *Robinson Eng'g Co. Pension Plan & Trust v. George, 223 F.3d 445, 448 (7th Cir. 2000)* ("If the court finds service of process to be deficient, the default order will be rendered a legal nullity by virtue of the court's lack of jurisdiction over the parties."). Therefore, the Clerk's entry of default must be set aside. Accordingly, the Motion to Set Aside Clerk's Entry of Default will be **GRANTED**, and the Motion for Entry of Default Judgment will be **DENIED**.

As a final matter, the Court notes that in its Motion to Vacate Clerk's Entry of Default, Circle K states that, to expedite matters, it will waive service of process and respond to Smothers' Complaint. Circle K requests that it be given ten days from entry of this order to file a responsive pleading. The Court will **GRANT** Circle K's request.

## CONCLUSION

For the reasons set forth herein, Circle K Stores, Inc.'s Motion to Set Aside Clerk's Entry of Default (Doc. 19) is **GRANTED**, and Shyniea Smothers' Motion for Entry of Default Judgment (Doc. 16) is **DENIED**. Circle K Stores, Inc, has waived service of process, and shall respond to Shyniea Smothers' Complaint within ten days of the entry of this Order.

**SO ORDERED.**

Dated: February 9, 2024

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
